UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

KHIRY ROUSER,

        Plaintiff,

                              Case No. 2:24-cv-32

v.

                              Hon. Hala Y. Jarbou

UNKNOWN HOFBAUER,

        Defendant.
_____/

## OPINION

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted plaintiff leave to proceed *in forma pauperis* in a separate order. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.     Factual allegations

      Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Macomb Correctional Facility (MRF) in Macomb County, Michigan. The events about

which he complains, however, occurred at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues URF Corrections Officer Unknown Hofbauer.

Plaintiff alleges that on the morning of January 12, 2024, Defendant Hofbauer twice asked Plaintiff to show his penis to Hofbauer. (Compl., ECF No. 1, PageID.4.) When Plaintiff refused, Hofbauer pushed his "personal protection device," which called in all nearby corrections officers. (*Id.*) Hofbauer instructed Plaintiff to put his hands on the wall, aggressively handcuffed Plaintiff, and escorted Plaintiff to segregation. (*Id.*)

Plaintiff reports that Hofbauer wrote a misconduct report against Plaintiff for threatening behavior. (*Id.*; Misconduct Rep., ECF No. 1-2, PageID.16.) Plaintiff denies making any threat, but the hearing officer was convinced by Hofbauer's report and found Plaintiff guilty of the threatening behavior misconduct. (Compl., ECF No. 1, PageID.5; Misconduct Hr'g Rep., ECF No. 1-2, PageID.15.)

Plaintiff recounts a history of sexual abuse and notes the profound psychological damage wrought by Hofbauer's actions. Plaintiff seeks $50,000,000.00 in compensatory and punitive damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III.   Eighth Amendment

Plaintiff complains that Hofbauer's conduct constituted "cruel and unusual punishment" and "unnecessary wanton infliction of pain." (Compl., ECF No. 1, PageID.4.) With those words, Plaintiff invokes the protections of the Eighth Amendment.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and

wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

Defendant Hofbauer's demands of Plaintiff fall into the category of verbal harassment. The use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See Ivey*, 832 F.2d 950, 954–55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding that harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (noting that "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief" (citing *Ivey*, 832 F.2d at 955)); *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (affirming district court's conclusion that verbal harassment in the form of a threatened sexual assault "was not punishment that violated Miller's constitutional rights" (citing *Ivey*, 832 F.2d at 955)); *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged

4

statements, the Eighth Amendment does not afford us the power to correct every action, statement, or attitude of a prison official with which we might disagree.").[1]

But the words that Defendant Hofbauer used were also a sexual demand. "Federal courts have long held that sexual abuse is sufficiently serious to violate the Eighth Amendment." *Rafferty v. Trumbull Cnty., Ohio*, 915 F.3d 1087, 1095 (6th Cir. 2019). However, the Sixth Circuit Court of Appeals has also "held that 'isolated, brief, and not severe' instances of sexual harassment do not give rise to Eighth Amendment violations." *Id.* (quoting *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005), *abrogated on other grounds by Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018)). That begs the question, were Hofbauer's alleged statements sexual abuse or isolated, brief, and not severe instances of sexual harassment?

Several courts considering the same type of allegations Plaintiff makes here have concluded that they do not rise to the level of an Eighth Amendment violation. *See, e.g.*, *Moore v. Calderon,* No. 1:20-cv-00397-DAD-BAM (PC), 2021 WL 1541296, at *2 (E.D. Cal. Apr. 20, 2021) (noting that officer's direction to female inmate to expose her breasts on one occasion was "highly inappropriate, deeply offensive and disrespectful, and would serve no legitimate penological objective" but did not give rise to an Eighth Amendment claim); *Patrick v. Hernandez*, No. 2:17-cv-1206 MCE CKD P, 2018 WL 5095130, at *2 (E.D. Cal. Oct. 17, 2018) (denying cognizable claim where defendants gawked at plaintiff in a manner that suggested they wanted him to expose himself and verbally encouraged plaintiff to expose himself); *Jones v. Fayette Cnty.*

---

[1] In *Small v. Brock*, 963 F.3d 539 (6th Cir. 2020), the Sixth Circuit concluded that "unprovoked and repeated threats to a prisoner's life, combined with a demonstrated means to immediately carry out such threat constitute[d] conduct so objectively serious as to be 'antithetical to human dignity.'" *Id.* at 541 (quoting *Hope v. Pelzer*, 536 730, 745 (2002)). The conduct in the present case did not involve either a threat to Plaintiff's life or any demonstration of the means to carry it out, and it was not a repeated occurrence.

*Det. Ctr.*, No. 5:15-312-JMH, 2015 WL 6964276, at *2 (E.D. Ky. Nov. 10, 2015) (concluding that "Jones's allegation that Officer Johnson sexually harassed him by asking Jones to show him his penis on one occasion fails to state a claim of constitutional dimension"); *Murray v. Westbrooks*, No. 1:12-CV-133, 2013 WL 6668719, at *3 (E.D. Tenn. Dec. 18, 2013) ("Plaintiff claims Officer Bontrager asked to see his "pinnies." (Doc. 2). Courts have distinguished between a correctional officer's verbal sexual abuse of an inmate and actual sexual contact, finding that the former is not proscribed by the Eighth Amendment."); *Bonner v. Hall*, No. 3:11cv5/MCR/CJK, 2012 WL 5357275, at *3 (N.D. Fla. Oct. 1, 2012) (concluding that allegations that correctional officer asked to see inmate's penis, followed by the officer's licking his lips, does not indicate anything more than a de minimis injury and thus fails to state a constitutional claim), *report and recommendation adopted by* 2012 WL 5357188 (N.D. Fla. Oct. 30, 2012); *Spears v. Masters*, No. 2:07-cv-198, 2008 WL 111274, at *5 (W.D. Mich. Jan. 8, 2008) ("Plaintiff's claims that he was denied his tray on three occasions because of his refusal to show Defendant Masters his penis are also insufficient to constitute an Eighth Amendment violation.")

The fact that the harassment at issue in the present case did not involve touching is of some significance,[2] but the lack of physical contact does not foreclose a determination that the conduct

---

[2] *See, e.g.*, *Cole v. Fischer*, 379 F. App'x 40, 43 (2nd Cir. 2010) (noting that "[v]erbal harassment and name calling, absent physical injury, are not constitutional violations cognizable under Section 1983" (alterations in original) (citation omitted)); *Williams v. Wetzel*, 776 F. App'x 49, 53 (3rd Cir. 2019) (affirming the district court's determination that there was no Eighth Amendment violation because "[w]hile [Williams's] allegations may indicate that CO Graft made offensive comments . . . or acted inappropriately, the allegations do not involve any sexual contact between [Williams] and CO Graft" (alterations in original)); *Jackson v. Holley*, 666 F. App'x 242, 244 (4th Cir. 2016) (noting that "[a]lthough prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." (citation and internal quotation marks omitted)); *Doe v. City of Haltom City*, 106 F. App'x. 906, 908 (5th Cir.2004) ("[v]erbal sexual harassment does not violate a detainee or inmate's constitutional rights") *Murray*, 1997 WL 34677 at *3 ("Murray alleges that numerous prison officials repeatedly have made offensive remarks to

6

was sufficiently serious to satisfy the objective element of the Eighth Amendment standard. In *Rafferty*, a corrections officer repeatedly demanded that a female inmate expose her breasts and masturbate in his presence on multiple occasions. *Rafferty*, 915 F.3d at 1091. The officer argued that he had not violated the Eighth Amendment because he had only used words, he had not touched the inmate. *Id*. at 1096. The court disagreed with that characterization, stating:

> Furthermore, the abuse alleged to have occurred in this case did not merely consist of words. It also entailed forced sexual acts. The fact that [the officer] effectuated this sexual abuse by ordering [the inmate] to expose her breasts and masturbate, rather than by touching [the inmate] himself, does not change the fact that [the inmate] was repeatedly required to engage in sexual acts against her will.

*Id*. The court specifically determined that "[the officer]'s sexual abuse was *not* 'isolated, brief, and not severe . . . .'" *Id*. at 1095.

Here, the harassment was entirely verbal, it did not involve touching, and it occurred one time. The event Plaintiff describes in his complaint though entirely inappropriate, is the sort of

---

her with regard to her bodily appearance, her transsexualism, and her presumed sexual preference. The magistrate judge correctly held that verbal abuse cannot state an Eighth Amendment claim."); *Allen v. Wine*, 279 F. App'x 524, 530 (7th Cir. 2008) (explaining that "Allen's complaint alleges only sexual harassment consisting of words and gestures rather than any physical abuse. And while an allegation of sexual abuse of a prisoner would state a claim under the Eighth Amendment for cruel and unusual punishment, verbal harassment does not (citation omitted)); *Howard v. Everett*, No. 99-1277EA, 2000 WL 268493, at *1 (8th Cir. Mar. 10, 2000) ("We believe this sexual harassment, absent contact or touching, does not constitute unnecessary and wanton infliction of pain."); *Somers v. Thurman*, 109 F.3d 614, 624 (9th Cir. 1997) (concluding that "[t]o hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd"); *Barney v. Pulsifer*, 143 F.3d 1299, 1310 n.11 (10th Cir. 1998) ("Although plaintiffs allege Mr. Pulsipher subjected them to severe verbal sexual harassment and intimidation, these acts of verbal harassment alone are not sufficient to state a claim under the Eighth Amendment. Plaintiffs' claims of verbal harassment are only actionable '[i]n combination' with the assaults." (citations omitted)); *In re Eric Watkins Litigation,* 829 F. App'x 428, 431 (11th Cir. 2020) ("Here, Watkins does not allege sexual abuse or any physical contact other than Azael's brief touching of his hand. And Azael's alleged conduct of directing demeaning homosexual comments and gestures at Watkins, though unacceptable and unrelated to any legitimate governmental objective, is the type of verbal harassment or taunting that is not actionable under the Eighth or Fourteenth Amendments." (citation omitted)).

isolated, brief, and not severe instance of sexual harassment that does not give rise to an Eighth Amendment violation. The devastating effect the incident had on Plaintiff is particularly unfortunate, but it does not convert the conduct into something severe enough to give rise to an Eighth Amendment violation.

### IV. State Law Sexual Assault

Plaintiff alleges that Defendant Hofbauer's conduct rises to the level of assault with intent to commit criminal sexual conduct, (Compl., ECF No. 1, PageID.7), which is a crime under the Michigan Penal Code. Mich. Comp. Laws § 750.520g. Plaintiff also notes that Defendant Hofbauer's conduct violates MDOC Policy Directive 03.03.140. (Compl., ECF No. 1, PageID.7.) Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that Defendant Hofbauer violated state law therefore fails to state a claim under § 1983.

Moreover, to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over a state-law claim, the Court declines to exercise jurisdiction. Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *See Experimental Holdings, Inc. v. Farris* 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims.") (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding

8

state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotations omitted).  Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction.  Accordingly, Plaintiff's state-law claims will be dismissed without prejudice.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's state-law claims will be dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over them. The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is

9

barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $605.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: June 13, 2024             /s/ Hala Y. Jarbou
                                 HALA Y. JARBOU
                                 CHIEF UNITED STATES DISTRICT JUDGE