UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KHIRY ROUSER,

Plaintiff,

v.

ERIC HOFBAUER,

Defendant.
______________________________/

Case No. 2:24-cv-32

Hon. Hala Y. Jarbou

**ORDER**

Plaintiff Khiry Rouser brings this civil rights action against a Michigan Department of Corrections (MDOC) officer alleging violations of both state and federal law for conduct occurring while Rouser was detained at the Chippewa Correctional Facility. Defendant Eric Hofbauer has moved for summary judgment (ECF No. 43.) Before the Court is the magistrate's report and recommendation that Defendant's motion be granted in part and denied in part. (R&R, ECF No. 48.) Defendant filed timely objections to the magistrate's report and recommendation. (ECF No. 49.) Plaintiff has not filed any objections to the R&R or responded to Defendant's objections.

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). For reasons set forth below, the Court will grant summary judgment for Defendant.

## I. BACKGROUND

On January 12, 2024, Officer Hofbauer approached Rouser in a hallway inside the Chippewa Correctional Facility. What happened next is disputed by the parties. Rouser alleges

that Hofbauer twice asked that Rouser expose his penis and, following Rouser's refusal to do so, retaliated against Rouser by detaining him and filing a false misconduct report. (Compl., ECF No. 1, PageID.4.) Hofbauer denies asking Rouser to expose himself and denies filing a false misconduct report. (Hofbauer Aff. ¶ 13.) Instead, Hofbauer claims that he approached Rouser because Rouser was in the wrong hallway for a scheduled meeting with a social worker (*Id.* ¶ 7.) During the ensuing conversation, Rouser threatened Hofbauer, who responded by calling for nearby officers and detaining Rouser. *Id.* Hofbauer then filed a misconduct report against Rouser for engaging in "Threatening Behavior" (*Id.* ¶¶ 9, 10.) Under MDOC policy, threatening behavior is a non-bondable Class I misconduct subject to mandatory reporting. (*See id.* ¶ 12; MDOC Policy Directive 03.03.105 ¶ E, Attachment A at 17, (effective 4/18/2022), ECF No. 43.) At a subsequent misconduct hearing, the presiding hearing officer found Hofbauer's account credible and found Rouser guilty of threatening behavior, for which he was sentenced to ten days in segregation. (Misconduct Hearing Rep., ECF No. 43, PageID.288.) Prison officials denied Rouser's request for a rehearing. (Request for Rehearing Resp., ECF No. 43, PageID.293.) Rouser declined to exercise his statutory right to state judicial review of the MDOC's administrative determination. *See* Mich. Comp. Laws § 791.255(2).

Rouser then brought this civil action under 42 U.S.C § 1983 alleging violations of his Eighth Amendment rights and Michigan's criminal sexual assault statute. On June 13, 2024, this Court held that Rouser's allegations did not make out a claim under the Eighth Amendment because the alleged harassment was "entirely verbal . . . and it occurred one time." (6/13/2024 Op. 7, ECF No. 11.) The Court declined to exercise supplemental jurisdiction over Rouser's state law claims. (*Id.* at 8-9.)

On appeal, the Sixth Circuit reversed. The panel held that "Hofbauer's repeated demands for Rouser to expose his penis, coupled with his retaliation against Rouser for noncompliance with this sexual demand, is sufficiently serious to implicate the Eighth Amendment." *Rouser v. Hofbauer*, No. 24-1658, 2025 WL 1013470, at *2 (6th Cir. Mar. 27, 2025). Next, the panel found that Hofbauer's "premeditated, sadistic, and malicious" acts, if proven, would establish "a culpable state of mind under the subjective prong" Eighth Amendment test. *Id.* The panel then reinstated Rouser's complaint. *Id.*

Following discovery, Hofbauer moved for summary judgment. Hofbauer raises three arguments in his motion. First, Rouser cannot prove that Hofbauer issued a false misconduct report because Rouser is precluded from arguing that he did not engage in threatening conduct. Second, Hofbauer should be granted qualified immunity because Hofbauer's conduct did not violate any of Rouser's clearly established constitutional rights at the time of the injury. And third, this Court should dismiss Rouser's state law claims for lack of supplemental jurisdiction, or in the alternative hold that Rouser lacks a state law cause of action to enforce Michigan's criminal code. In response, Rouser denies threatening Hofbauer, maintains his allegation that Hofbauer asked him twice to expose his penis, and claims Hofbauer lied about the basis for his threatening behavior misconduct report. (*See* Rouser Aff. ¶¶ 4-12, ECF No. 45.)

On July 20, 2026, the magistrate issued his report and recommendation. He first concluded that the issue of whether Rouser threatened Hofbauer is precluded because it was actually litigated in the misconduct hearing. The R&R, however, ultimately recommended denying Defendant's motion for summary judgment because the issue of whether Hofbauer asked Rouser to twice expose his penis was not actually litigated. And because this dispute of material fact remained, the magistrate determined that Hofbauer should not be entitled to qualified immunity. (*Id.* at 12.)

As to Rouser's state law claims, the magistrate concluded that Rouser lacks a private cause of action to enforce the state criminal code, or in the alternative that this court should decline to exercise supplemental jurisdiction. (*Id.* at 13-14.)

Defendant Hofbauer raises two objections to the R&R. First, Hofbauer essentially argues that the dispute over whether Hofbauer asked Rouser to expose his penis is immaterial at this stage. Specifically, he argues that because Rouser is precluded from arguing he did not threaten Hofbauer, he cannot claim that Hofbauer issued a false misconduct report, and consequently Rouser's Eighth Amendment claim fails because Hofbauer's demand that Rouser expose his penis is not enough, on its own, to make out an Eighth Amendment claim. Second, Defendant objects to the magistrate's recommendation that Hofbauer be denied qualified immunity.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant does not bear the burden of persuasion at trial, the necessary showing can be made by "submitting affirmative evidence that negates an essential element of the nonmoving party's claim," *Kava v. Peters*, 450 F. App'x 470, 473 (6th Cir. 2011) (cleaned up), or by "pointing out the lack of evidence to support an essential element" of that claim, *Rockwood Auto Parts, Inc. v. Monroe County*, 155 F.4th 557, 566 (6th Cir. 2025) (cleaned up). The nonmovant must then present "sufficient evidence from which a jury could reasonably find in its favor." *Davis v. Sig Sauer, Inc.*, 126 F.4th 1213, 1230 (6th Cir. 2025) (cleaned up). Summary judgment is not an opportunity for the Court to resolve factual disputes. *Id*. The Court "must shy away from weighing the evidence and instead view all the facts in the light most favorable to the nonmoving party and draw all justifiable inferences in their favor." *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 410 (6th Cir. 2021).

## III. ANALYSIS

### A. Eighth Amendment

Hofbauer argues that Rouser can at most prove that Hofbauer confronted him and twice demanded Rouser expose his penis, which standing alone is not sufficient to make out an Eighth Amendment claim. The Eighth Amendment protects prisoners against cruel and unusual punishment. *See* U.S. Const. amend. VIII. Punishments may not be "barbarous," nor may they contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Eighth Amendment is only concerned with "deprivations of essential food, medical care . . . sanitation" or "other conditions intolerable for prison confinement." *Id.* at 348. In other words, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). An Eighth Amendment claim contains both an objective element and a subjective element. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). The objective prong considers whether the injury inflicted on the prisoner was "sufficiently serious." *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). For conduct to qualify under the objective prong, it must be "repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1, 10 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). The subjective component asks whether the prison official acted with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson*, 501 U.S. at 297).

Generally, an Eighth Amendment violation cannot be established by verbal harassment alone. *See Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Ivey* 832 F.2d at 955. The Sixth Circuit has held that verbal sexual harassment that is "'isolated, brief, and not severe' . . . does not" violate the Eighth Amendment. *Rafferty v. Trumbull County*, 915 F.3d 1087, 1095 (6th Cir. 2019) (quoting *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005), *abrogated on other*

*grounds by Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018)). Repeated instances of severe sexual harassment, however, may rise to sexual abuse cognizable under the Eighth Amendment. *Id.* Such claims may proceed "even in the absence of physical touching by a corrections officer" if the officer's conduct is sufficiently serious. *Id.* at 1096.

Considering this precedent, this Court dismissed Rouser's original complaint because the "entirely verbal" harassment alleged here "occurred one time." (6/13/2024 Op. 7.) In its order reversing this Court, the Sixth Circuit took a broader view of Rouser's Eighth Amendment claim. The panel held Rouser's Eighth Amendment claim constituted not only Hofbauer's two demands for Rouser to expose his penis, but also Hofbauer "falsif[ying] a threatening behavior ticket" against Rouser and "sadistically and maliciously sen[ding] [Rouser] to segregation for a threatening behavior [he] did not commit." *Rouser*, 2025 WL 1013470, at *2. In other words, while either filing a false misconduct report or isolated events of verbal sexual harassment do not independently violate the Eighth Amendment, the combination of the acts may nevertheless be sufficiently serious to qualify.

The R&R adopted a different interpretation of the Sixth Circuit's order. The R&R recommended denying Defendant's motion for summary judgment because the dispute over whether Hofbauer twice asked Rouser to expose his penis raised a genuine issue of material fact "central to the Sixth Circuit Court of Appeals reasoning in reversing the Court's prior dismissal." (R&R 8.) The R&R had already concluded that Rouser was precluded from arguing he did not threaten Hofbauer. (*See id.*) It did not, however, analyze the effect of preclusion on Rouser's allegation that Hofbauer retaliated against him, which the Sixth Circuit also emphasized was a necessary component of Rouser's Eighth Amendment claim. *See Rouser*, 2025 WL 1013470, at

*2. The logic of the R&R nevertheless implies that Rouser could establish an Eighth Amendment claim merely by showing that Hofbauer demanded Rouser expose his penis.

This Court disagrees. The Sixth Circuit's order unambiguously states that Plaintiff's Eighth Amendment claim is composed of two related acts. First, that Hofbauer twice demanded Rouser expose his penis and then, second, retaliated against Rouser for refusing to expose himself by filing a false misconduct report against him. *See id.* A contrary reading where Plaintiff could prevail on either act alone would disregard longstanding Sixth Circuit precedent that the panel did not claim to disturb. *See Jackson*, 158 F. App'x at 656 (holding that rubbing and grabbing an inmate's buttocks in a degrading and humiliating manner in front of other prisoners not sufficient to establish Eighth Amendment violation); *Solomon v. Mich. Dep't of Corrs.*, 478 F. App'x 318, 320 (6th Cir. 2012) (holding no Eighth Amendment violation where an officer "groped [prisoner's] penis" and made "sexually suggestive comments"); *Williams v. Reynolds*, No. 98-2138, 1999 WL 1021856, at *2 (6th Cir. Nov. 3, 1999) (holding that the filing of a false misconduct report does not violate the Eighth Amendment).

To reiterate, for Plaintiff's Eighth Amendment claim to succeed, Rouser must prove two things happened. First, that Hofbauer twice demanded that Rouser show him his penis during a single interaction in the prison hallway. Second, in response to Rouser's denying Hofbauer's requests, Hofbauer retaliated against him by filing a false misconduct report. To determine whether Rouser's Eighth Amendment claim survives, this Court must decide whether Rouser is precluded from arguing he did not threaten Hofbauer and, if so, determine the effect of that preclusion on Rouser's retaliation.

**B. Issue Preclusion**

This Court must first determine whether Rouser may collaterally attack the hearing officer's finding that he threatened Hofbauer. The Sixth Circuit has instructed courts to apply a

four-factor test to determine when factfinding done by a state agency should be given preclusive effect. *Peterson v. Johnson*, 714 F.3d 905, 912 (6th Cir. 2013) (citing *Univ. of Tenn. v. Elliot*, 478 U.S. 788, 799 (1986)). First, the hearing officer must have acted "in a judicial capacity." *Id.* (quoting *Elliot*, 478 U.S. at 799). Second, the hearing officer must have "resolve[d] disputed issues of fact" that were properly raised before her. *Id.* Third, the party against whom preclusion is sought must "have had an adequate opportunity to litigate" the issue before the hearing officer. *Id.* And fourth, if the first three factors are met, "federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in" Michigan courts. *Id.* Michigan state law asks whether the prisoner "had a 'full and fair opportunity' to litigate" the issue in the prison disciplinary hearing. *Nash v. Bryce*, 157 F.4th 436, 444 (6th Cir. 2025) (quoting *Peterson*, 714 F.3d at 913).

The Sixth Circuit has several times held that major misconduct hearings in Michigan prisons meet the first three *Elliot* factors. *See Peterson*, 714 F.3d at 912-13; *Roberson v. Torres*, 770 F.3d 398, 403-04 (6th Cir. 2014); *Nash*, 157 F.4th at 445. As to the first factor, hearing officers act in a judicial capacity because they consider each party's "version of the facts at a formal hearing and issue a written final decision" subject to appeal. *Peterson*, 714 F.3d at 912. The second factor is readily met too. Here, the hearing officer resolved a disputed fact properly before her when she rejected Rouser's account and determined he engaged in threatening behavior towards Hofbauer. (*See* Misconduct Hearing Rep. PageID.288.) So too is the third factor. MDOC major misconduct hearings are governed by a "plethora of statutory protections" that provided Rouser an adequate opportunity to litigate whether he threatened Hofbauer. *Peterson*, 714 F.3d at 913; *see also id.* at 912-13 (citing protections).

The Court now turns to the fourth *Elliot* prong. Under Michigan law, a court considering whether to give preclusive effect to another tribunal's factual determination must ask (1) "whether a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment"; (2) "whether 'the parties had a full and fair opportunity to litigate the issue'" before the agency, *Nash*, 157 F.4th at 445 (quoting *Peterson*, 714 F.3d at 914); and (3) whether there is "mutuality of estoppel." *Peterson*, 714 F.3d at 914. To be "actually litigated," the "precise[]" fact in issue must have been "put into issue by the complaint, submitted to the trier of fact, and determined" by the same. *Id.* On the second prong, Michigan courts employ a multi-factor test that "ultimately rests on the court's sense of justice and equity." *Id.* at 914-15 (quoting *Monat v. State Farm Ins. Co.*, 677 N.W.2d 843, 845 n.2 (Mich. 2004)) (cleaned up). Michigan courts make an additional inquiry when parties are seeking to preclude an issue decided by an administrative tribunal. First, they ask whether "the administrative decision was adjudicatory in nature; second, whether "there was a right to appeal from the decision; and third, whether "the legislature intended to make the decision final absent an appeal." *Id.* at 914 (citing *Nummer v. Treasury Dep't*, 533 N.W.2d 250, 253 (Mich. 1995)). For the following reasons, preclusion is merited here.

First, the precise fact in issue was resolved below. The issue of whether Rouser engaged in threatening behavior must have been "put into issue by the complaint, submitted to the [hearing officer], and determined" by the hearing officer. *Peterson*, 714 F.3d at 914. Here, it was. The simple factual issue at the hearing was whether Rouser threatened Hofbauer. (*See* Misconduct Hearing Rep. PageID.288.) Under MDOC policy, "Threatening Behavior" constitutes "[w]ords, actions, or other behavior which expresses an intent to injure or physically abuse another person." (*See* MDOC Policy Directive 03.03.105 Attachment A at 17.) The hearing officer found that after

Hofbauer approached Rouser, Rouser asked him, "Is fucking with me worth your life?" (Misconduct Hearing Rep., PageID.288.) This statement, the hearing officer concluded, "by its very nature expresses an intent to physically harm," and so found Rouser guilty of threatening behavior. *Id.* Thus, the precise factual issue of whether Rouser threatened Hofbauer was resolved by the hearing officer.

Second, Rouser had a full and fair opportunity to litigate whether he threatened Hofbauer. He reviewed the misconduct report, requested a hearing investigator, relevant documents, and witnesses. (*See* Misconduct Hearing Rep., PageID.288-89.) He also submitted a written statement where he denied threatening Hofbauer (*id.*, PageID.290) and filed a request for rehearing. (*See id.*, PageID.293.) And third, because the same parties who litigated the issue in the hearing are the same parties to this action, there is mutuality of estoppel. With the first three state law factors satisfied, the Court turns to the agency-specific factors applied by Michigan courts.

All three factors break for Hofbauer. First, that the misconduct hearing "was adjudicatory in nature" has already been established. *Peterson*, 714 F.3d at 914. Second, Rouser had a right to appeal. *See* Mich. Comp. Laws § 791.255(2). And third, the Michigan legislature intended to make MDOC hearing officer's decisions in major misconduct hearings "final in the absence of appeal." *Peterson*, 714 F.3d at 917. Therefore, the Court concludes that Michigan courts would grant preclusive effect to the hearing officer's finding that Rouser threatened Hofbauer.

Rouser challenges the adequacy of the administrative proceedings on two primary grounds.[1] He first argues the hearing officer erred by grounding her decision on the credibility of Hofbauer's statement. This argument fails. MDOC policy requires hearing officers, as triers of

[1] Rouser has raised no objections to the R&R. Nor has he filed a response to Defendant's objections. However, because the R&R did not address Rouser's arguments in his response or sur-reply that the misconduct hearing was flawed, the Court will take the occasion to do so here.

fact, to make "make an individual determination of the credibility of staff and prisoner witnesses." (MDOC Policy Directive 03.03.105 ¶ EE.) And the Sixth Circuit has given preclusive effect to a finding in a major misconduct hearing where the "sole factual issue" was "simple" and the question turned on the credibility of the parties. *Peterson*, 714 F.3d at 917. This is exactly the kind of case present here. The sole dispositive issue in the hearing was whether Rouser threatened Hofbauer. Other issues, such as whether Hofbauer asked Rouser to expose his penis or whether Rouser had harassed another prison official the day before, were unnecessary to the outcome of the hearing. (*See* Misconduct Hearing Rep., PageID.288; R&R 8.) Besides a video of the incident that contained no audio, the parties' testimony comprised the whole corpus of evidence available to the hearing officer. (*See* Surveillance Video, ECF No. 43-4.) This Court cannot disturb or disregard findings just because the hearing officer considered the credibility of the parties in her determinations.

Rouser next attacks the proceedings on the grounds that he was denied evidence. He argues that prison officials did not permit him to see video footage from the day he exposed his penis to Ms. Taylor, a female guard at the prison. But this footage is not relevant to the narrow matter of whether Rouser threatened Hofbauer the following day. Indeed, it does not even involve a disputed issue of fact because Rouser concedes he exposed his penis to Ms. Taylor. (*See* Pl.'s Resp., ECF No. 45, PageID.313; Rouser Dep. 20-22, ECF No. 43-5.)

The Court now turns to the effect of the hearing officer's determination on Rouser's Eighth Amendment claim. At the outset, that finding precludes Rouser from establishing that Hofbauer's misconduct report was falsely filed, so an objective component of Rouser's Eighth Amendment claim—that Hofbauer falsified a threatening behavior ticket and then sent Rouser to segregation without a factual basis—disappears for the simple reason that Rouser actually threatened

Hofbauer. It also prevents Rouser from establishing that Hofbauer acted with a culpable mental state. Hofbauer was compelled to file a misconduct report against Rouser under the circumstances. MDOC policy dictates that officers must file misconduct reports if they observe a non-bondable Class I Misconduct, which includes the Threatening Behavior charge on which Rouser was found guilty at his hearing. (*See* MDOC Policy Directive 03.03.105 ¶ E, Attachment A at 17.)

What remains of Rouser's Eighth Amendment claim, therefore, is the disputed fact that Hofbauer twice demanded that Rouser expose his penis to Hofbauer in a single interaction that lasted less than a minute. Such conduct, if it occurred, is unprofessional, degrading, and condemnable. The Eighth Amendment, however, does not provide this Court with the power to correct every condemnable act committed inside a prison's walls. As noted previously, that conduct is of a kind with other instances of verbal sexual harassment that the Sixth Circuit has repeatedly deemed too isolated, brief, and not severe to constitute punishment under the Eighth Amendment. Even if Rouser could prove Hofbauer demanded Rouser expose his penis, that conduct alone would not rise to an Eighth Amendment violation under Sixth Circuit precedent.

**C. Qualified Immunity**

Hofbauer next argues that he should be granted qualified immunity because Rouser's claimed Eighth Amendment right was not clearly established at the time of the violation. This Court agrees. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The qualified immunity analysis consists of two parts. First, at the summary judgment stage a court must decide whether plaintiff has adequately shown the violation of a constitutional right. *Id.* at 232. Second, the court must decide whether the "right at issue was 'clearly established' at the time of defendant's

alleged misconduct." *Id.* (quoting *Saucier v. Katz*, U.S. 194, 201 (2001)). A court may consider these questions in any order, and plaintiff must prevail on both prongs. *See Seales v. City of Detroit*, 724 F. App'x. 356, 359 (6th Cir. 2018) (citing *Pearson*, 555 U.S. at 236). "Plaintiff bears the burden of showing that [the] defendant[] [is] not entitled to qualified immunity." *Id.* (citing *Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009)).

The Court begins and ends its analysis on the second prong. The focus of the inquiry is whether the officer had fair notice that his conduct was unlawful "judged against the backdrop of the law at the time of the conduct." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). While an on point Supreme Court case is not required "for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *Cunningham v. Shelby County*, 994 F.3d 761, 764 (6th Cir 2021) (quoting *White v. Pauly*, 580 U.S. 73, 79 (2017)). On this point, the Supreme Court has "repeatedly" reminded courts "that 'clearly established law' should not be defined 'at a high level of generality.'" *White*, 580 U.S. at 79 (quoting *Ashcroft v. Al-Kidd*, 563 U.S. 731, 742 (2011)).

The Sixth Circuit has on several occasions considered and rejected sexual harassment claims under the Eighth Amendment involving conduct more serious than what is claimed here. In *Jackson*, a prison guard "rubb[ed] and grabb[ed the inmate's] buttocks in a degrading manner during a 'shakedown' in the prison food area." 158 F. App'x at 661. And yet, the court held that this behavior did not rise to an objective Eighth Amendment violation because the conduct "was isolated, brief, and not severe." *Id.* at 663. In a subsequent case, the Sixth Circuit held that two instances of sexual touching and suggestive comments during a pat-down did not violate the Eighth Amendment because the alleged conduct was, again, brief and limited in nature. *See Solomon*, 478 F. App'x at 320-21; *see also Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *4 (6th

Cir. Mar. 31, 2017) (holding that "sexually suggestive comments, even when coupled with isolated incident of touching . . . do not rise to the level of a constitutional violation.").

To be sure, the Sixth Circuit has held that sexual abuse of prisoners can clearly violate the Eighth Amendment even in the absence of physical touching. *See Rafferty*, 915 F.3d at 1097; *see also Kent v. Johnson*, 821 F.2d 1220, 27-28 (6th Cir. 1987). But these cases would not have placed a reasonable officer in Hofbauer's position on notice that his conduct would violate the Eighth Amendment "in the situation he confronted." *Saucier*, 533 U.S. at 202. The *Rafferty* court found a clear Eighth Amendment violation when a male prison official demanded a female prisoner expose her breasts on three to four occasions and, on one or two other occasions, masturbate while he watched. 915 F.3d at 1097. And while the *Kent* court did not address qualified immunity, it held that female prison guards who watched a male prisoner shower "at close range and for extended periods of time," and then retaliated against him for demanding privacy, violated the Eighth Amendment. *Kent*, 821 F.2d at 1227-28. These cases are readily distinguishable. The sexual harassment here involved two alleged instances of an officer demanding an inmate expose his penis in a single interaction lasting less than a minute, not the sort of repeated, extended, and severe conduct that the *Rafferty* and *Kent* courts held violated the Eighth Amendment. Therefore, a reasonable MDOC officer in January 2024 would not have understood Hofbauer's conduct to violate the Eighth Amendment.

Nor would a reasonable officer in Hofbauer's position have been on notice that filing a false misconduct report violated a clearly established Eighth Amendment right. Writing a false misconduct report is simply not "punishment within the context of the Eighth Amendment." *Williams*, 1999 WL 1021856, at *2 (citing *Ivey*, 832 F.2d at 955). And while Rouser does not allege that his placement in segregation violated his Eighth Amendment rights, that allegation

would similarly fail to state an Eighth Amendment claim. *See Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008).

The Sixth Circuit held that the combination of "Hofbauer's repeated demands for Rouser to expose his penis" plus his filing of a false misconduct report in "retaliation against Rouser for noncompliance with this sexual demand" could be sufficiently serious to make out an Eighth Amendment claim. *Rouser*, 2025 WL 1013470, at *2. At the time of the alleged violation, however, existing precedent did not place this "constitutional question beyond debate." *Al-Kidd*, 563 U.S. at 741. This Court has not located a single case where the Supreme Court or the Sixth Circuit held that actions similar to Hofbauer's constituted an Eighth Amendment violation, and Plaintiff has not identified any in his response or sur-reply. Because Plaintiff has failed to carry his burden to prove otherwise, Defendant is entitled to qualified immunity.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 48) is **ADOPTED IN PART** and **REJECTED IN PART** as the opinion of the Court. The R&R is adopted only insofar as it recommends dismissing Plaintiff's state law claims. It is rejected otherwise.

**IT IS FURTHER ORDERED** that Defendant's objections to the R&R (ECF No. 49) are **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 42) is **GRANTED**.

The Court will enter a judgment dismissing the case.

Dated: August 28, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE